THE STATE, EX REL. FIRST NATIONAL BANK OF BEAT-
RICE, v. THE BOARD OF COUNTY COMMISSIONERS OF
GOSPER COUNTY.

1. **Levy of Taxes by County Commissioners: ESTIMATES.**
County warrants having been drawn on a fund in the treasury
or tax levied for their payment, county commissioners have no
authority to include in their estimates, and levy taxes in excess
of the maximum fixed by law, an additional sum for the pay-
ment of such warrants as have not been paid out of former lev-
ies. In such case when the ordinary taxes are insufficient to
pay the claim, the remedy provided by statute is to fund the
debt.

2. ————: ————. In a proper case, county commissioners will
be compelled to include in their estimate of taxes for the cur-
rent year a sufficient amount, within the limits fixed by law, to
pay claims against the county.

ORIGINAL application for mandamus.

*J. S. Gilham*, for the relator.

*A. E. Harvey*, for the respondents.

BY THE COURT.

This is an application for a mandamus to compel the
defendants to include in their estimate of taxes to be lev-
ied for the current year a sufficient amount in excess of
the highest rate allowed by law to pay a certain warrant
of said county for the sum of $743.00.

The relator alleges in the affidavit, that in the year 1874
the county commissioners of Gosper county levied certain
taxes for the general fund of said county, and thereafter,
in October of that year, purchased certain blank books of
the S. W. Paper Co., which were duly delivered, and the
account for the same audited and allowed, and the warrant
in question drawn for said account, and thereafter assigned

to the relator. It is also alleged that said warrant was presented to the treasurer of said county, and not paid for want of funds, and that the same is now registered; that there are no funds in the treasury to pay the same, and said warrant will not be paid unless the defendants are compelled by mandamus to include in the estimate of and levy of taxes for this year a sufficient amount to pay the same.

The defendants demur to the application upon the ground that the facts stated therein are not sufficient to entitle the relator to the relief sought.

Sec. 5, art. IX of the Constitution, provides that " county authorities shall never assess taxes the aggregate of which shall exceed one and a half dollars per one hundred dollars valuation, except for the payment of indebtedness existing at the adoption of this constitution, unless authorized by a vote of the people of the county."

The present constitution took effect November 1, 1875, but the warrant in question was issued prior to that time. The question presented therefore is, is a county warrant such an evidence of debt as to justify the county commissioners in levying a tax in excess of the maximum fixed by law for the payment of the same?

In 1859 an act was passed by the legislature providing that it should be unlawful for county commissioners to issue warrants in excess of the amount levied by tax for the current year. This act continued in force until 1879, when the commissioners were restricted to fifty per cent, which in 1881 was extended to seventy-five per cent. There are also provisions for funding warrants in certain cases, by submitting the question to a vote of the people. Construing these several provisions together, it is very clear that warrants which were properly drawn upon a tax duly levied, but which from some cause have not been collected, do not, until they are funded under the provisions of the statute, constitute such a debt against the county as to jus-

tify the commissioners in levying a tax in excess of the maximum fixed by the statute for their payment.

In a proper case the commissioners will be compelled by mandamus to make sufficient estimates, within the limits fixed by law, of the amount to be levied to meet the expenses and indebtedness of the county; but the case at bar does not justify them in making an estimate or levying the tax prayed for.    The writ must therefore be denied.

WRIT DENIED.